(65 Misc. Rep. 161.)

### N. DAIN'S SONS CO. v. THOMAS McNALLY CO.

(Supreme Court, Special Term, Westchester County. November, 1909.)

1. ATTACHMENT (§ 98*)—AFFIDAVIT—GROUNDS—SOURCE OF KNOWLEDGE.

An affidavit for attachment, alleging that defendant is a foreign corporation, but without giving the source of affiant's knowledge, or showing facts justifying him in making the averment on personal knowledge, is insufficient to confer jurisdiction on the court to grant the writ.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 252; Dec. Dig. § 98.*]

2. ATTACHMENT (§ 122*)—AFFIDAVIT—AMENDMENT.

Where an attachment affidavit is insufficient to confer jurisdiction, it is not amendable.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 323; Dec. Dig. § 122.*]

Action by the N. Dain's Sons Company against Thomas McNally Company. On motion to vacate an attachment against a foreign corporation, issued on an affidavit made by Frank M. Dain, an officer of plaintiff, averring that the defendant, the Thomas McNally Company, is a foreign corporation, created by and under the laws of Pennsylvania. Motion granted.

Franklin Couch, for the motion.
Nathan P. Bushnell, opposed.

TOMPKINS, J. Under a long line of authorities, the allegation in the affidavit of Frank M. Dain that the defendant is a foreign corporation, without giving the source of affiant's knowledge, or showing facts justifying him in making averment based upon personal knowledge, is insufficient, and for that reason the court lacked jurisdiction to grant the warrant of attachment.

The courts have held that a warrant of attachment may be amended to make it conform to the facts stated in the affidavit; but I find no authority for an amendment by an affidavit supplying facts that were essential to the court's exercise of jurisdiction in the first instance. On the contrary, the authorities seem to be the other way.

Because of the insufficiency of the affidavits upon which the warrant of attachment was granted, I must grant the motion.